UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF HAILEY'S HARBOR LLC, AS OWNER OF THE RYAN BAKER II | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

**VERIFIED COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Hailey's Harbor LLC ("Hailey's Harbor" or "Petitioner"), as owner of the RYAN BAKER II, its engines, tackle, furniture, appurtenances, etc. ("the Vessel"), seeking exoneration from or, alternatively, limitation of liability – civil and maritime – and who with respect, alleges, avers and specifically represents, upon information and belief, as follows:

1.

This action is filed pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

2.

This matter involves an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.

This Honorable Court has jurisdiction over this action by virtue of 46 U.S.C. § 3501, *et seq.* and by virtue of 28 U.S.C. § 1333, including but not limited to, because the alleged incident involved a vessel operating on navigable waters near Houston, Texas, on a navigable waterway known as Cedar Bayou, which Cedar Bayou is capable of and is in fact supporting maritime commerce, and that this satisfies the requirements for invoking the Court's admiralty jurisdiction.

**4.**

Venue is proper in the United States District Court for the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, as the Vessel is located in this District at the time this Complaint for Exoneration From or Limitation of Liability is being filed and there is currently pending in Harris County, Texas the following action resulting from the below-described alleged incident of June 6, 2020; *Michael Chad Holifield v. Hailey's Harbor LLC*, No.: 2020-40863, 270th Judicial District, Harris County, Texas.

**5.**

At all times pertinent hereto, Hailey's Harbor was and is a foreign limited liability company.

**6.**

At all times pertinent hereto, the Vessel was and is a documented vessel of the United States bearing Official Number 277677, and the Vessel was tight, staunch, strong, fully and properly equipped, manned and supplied and was in all respects seaworthy and fit for the services in which it was engaged.

**7.**

At all times pertinent hereto, Hailey's Harbor owned the Vessel.

8

On or about June 6, 2020, it is claimed that Michael Chad Holifield was injured while handling facing wires while trying to make up a tow to an empty barge and allegedly injured his back.

**9.**

Any claims for loss, damage, and/or injury arising from the alleged incident were not due to the fault, neglect, or want of care on the part of petitioner.

**10.**

If any fault caused or contributed to the claims for loss, damage, and/or injury arising from the alleged incident, which is denied, such fault, neglect, or want of care was occasioned and occurred without petitioner's privity or knowledge.

**11.**

The aforementioned alleged incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, lack of due diligence, or want of due care on the part of Hailey's Harbor, its agents, servants, employees, or any person for whose acts Hailey's Harbor is or can be held responsible; nor was the alleged injury caused or contributed to by any unseaworthiness or any other condition of the Vessel.

**12.**

The aforementioned alleged incident, and any losses, and/or damages allegedly resulting therefrom, were done, occasioned and incurred without privity or knowledge of Hailey's Harbor. No officers or managing directors of Hailey's Harbor were on board or in the vicinity of the Vessel at the time of the alleged incident.

**13.**

Robert G. Reider, Jr., Marine Surveyor, has executed an affidavit verifying that the fair market value of the vessel after the alleged incident was $850,000 (Exhibit "A", vessel valuation.)

**14.**

Petitioner has filed contemporaneously herewith an *Ad Interim Stipulation for Value* accompanied by a properly executed Letter of Undertaking as security in the amount of Petitioner's interest in the Vessel.

**15.**

This Complaint is filed within six months from the date Hailey's Harbor received first written notice of a limitable claim.

**16.**

As a result of the subject incident, claims totaling an as yet undetermined amount have been or may be asserted against Petitioner and the Vessel, which may or will exceed the amount or value of Petitioner's interest in the aforesaid vessel.

**17.**

Other than the claims of Holifield, Petitioner is unaware of other demands or claims against the Vessel, so far as Hailey's Harbor now knows, and there are no liens on the vessel, save and except for any customary mortgages filed with a financial institution that may exist.

**18.**

Petitioner specifically denies any and all liability for any claim for injury, loss, damage and/or destruction occasioned by or resulting from the matters recited hereinabove, and avers that it has valid defenses to all such claims. Petitioner desires to contest liability for all such claims and, therefore, shows that it is entitled to exoneration from liability. Petitioner further shows that any and all losses, damage or destruction were done, occasioned and incurred without fault on its part, and without its privity or knowledge. However, should this Honorable Court adjudge that Petitioner is at fault, then Petitioner claims the benefit of the Limitation of Liability provided for

in 46 U.S.C. § 30501, *et seq.*, and under the various statutes supplementary thereto, and amendatory thereof, and all other applicable law and jurisprudence.

**19.**

Hailey's Harbor demands exoneration from or limitation of liability for all claims, damages, injuries, or losses of any kind caused, occasioned or arising out of the use of the Vessel on or about June 3, 2020, and the alleged incident or incidents which form the basis of Holifield's claims against it. Hailey's Harbor further alleges that it has valid defenses under the facts and the applicable law to any claims arising therefrom as provided by 46 § U.S.C. 30505, *et seq.* and Rule F of the Supplemental Rules of Admiralty and Maritime Claims.

**20.**

Petitioner does not know the total amount of all claims that may potentially be made for loss, damage or destruction as a result of the incident in question but anticipates and believes that suits or claims could or will be asserted and prosecuted against it and/or the Vessel in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

**21.**

Should this Court find Petitioner liable in any degree to anyone, which is denied, Petitioner's liability should be limited to and not exceed the value of Petitioner's interest in the Vessel, and its pending freight, totaling $850,000.

**22.**

Based on information and belief, the following individuals and/or entities have asserted and/or may assert claims and/or demands against Petitioner as a result of the aforementioned incident: Michael Chad Holifield, DJ Alphonso, Darcy Naquin, Lonnie Raven, and Hunter

Johnson.[1] Petitioner does not anticipate that additional claims will be asserted against them and the Vessel by other parties for damages, indemnity, contribution or other loses as a result of the incident.

**23.**

Hailey's Harbor reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the alleged incident was unavoidable by Hailey's Harbor, the right to plead Act of God, the right to plead that the incident resulted from violations of law or permits by particular claimants, the right to plead prescription and/or laches, the right to plead that particular claimants have no right to pursue claims for alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the alleged incident described herein.

**24.**

Pursuant to 46 U.S.C. § 30505, *et seq.*, Petitioner is entitled to have all claims and issues concerning the incident in question determined in a single proceeding before the United States District Court for the Southern District of Texas sitting in admiralty.

**WHEREFORE,** Petitioner prays that:

1. This Court accept Petitioner's *Ad Interim* Stipulation for Value as security for all claims in this proceeding;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on attorneys for Petitioner a copy thereof on or before a date to be named in the notice, and that if claimant desires to contest either the right to exoneration from or limitation of liability, such person shall file and serve on the attorneys

---

[1] *See* List of Potential Claims/Claimants, attached hereto as Exhibit "B."

for Petitioner an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction against Petitioner, Hailey's Harbor LLC, as well as its respective insurers and underwriters, and the RYAN BAKER II whether in *personam*, by attachment, or *in rem*, and additionally dissolving the arrest or attachment of any property of Petitioner pursuant to any proceedings *in rem*, or by attachment for loss, damage and destruction done, occasioned or incurred by reason of or resulting from the aforesaid incident, or incurring during the aforesaid voyage, except in the present proceeding, against Petitioner or any other person having or claiming to have an interest of any kind in RYAN BAKER II. If any claimant who shall file its claim under oath shall file an exception, controverting the value of the RYAN BAKER II, and its condition, as alleged herein, in the amount of the approved Letter of Undertaking as aforesaid, with interest at the applicable rate per annum, and costs, from the date hereof, that this Court shall cause due appraisal to be made of the value of the RYAN BAKER II;

4. In the event said appraised value exceeds the limitation fund or the security filed with the Court, that this Honorable Court enter an Order for the payment by Petitioner into the Court of the value of Petitioner's interest therein, or for the giving of approved security of Petitioner in such amount, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure;

5. This Court adjudge that Petitioner is not liable to any extent whatsoever for any loss, damage or destruction, or for any claims whatsoever, arising from the consequences of the matters, happenings, and events stated in this Complaint, and exonerate Petitioner, its respective insurers and underwriters, and the RYAN BAKER II from liability therefore;

6. In the alternative, and if this Court should adjudge that Petitioner is liable for any amount whatsoever, said liability shall be limited to the value of the amount of Petitioner's interest in the RYAN BAKER II, that the monies paid or ordered to be paid, as aforesaid, may be divided pro rata, amongst such claimants, as they prove their claims, saving to all parties the priority to which they may be entitled, and that a decree be entered, discharging Petitioner and its insurers and underwriters from all other liabilities;

7. After due proceedings had, there be judgment herein, in favor of Petitioner, Hailey's Harbor LLC, granting it exoneration from, or in the alternative, limitation of liability to the amounts claimed herein; and

8. Petitioner be granted such other and further relief that it may be entitled to receive in law or equity.

Respectfully submitted:

**KEAN MILLER LLP**

By: */s/ Robert M. Kallam*
Robert M. Kallam
Texas Bar No.: 24034175
2020 W. Pinhook Road, Suite 303
Lafayette, Louisiana 70508
Telephone: (337) 235-2232
Email: robert.kallam@keanmiller.com

**ATTORNEYS FOR HAILEY'S HARBOR LLC**